**Bobby BISHOP, Jr., Plaintiff/Appellant,**

v.

**TENNESSEE STATE BOARD OF AC-COUNTANCY, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section.

April 19, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

Bobby Bishop, Jr., Knoxville, for appellant.

Charles W. Burson, Attorney General and Reporter, Nashville, Daryl J. Brand, Senior Counsel, for appellee.

## OPINION

LEWIS, Judge.

This case presents the single issue of whether the Chancery Court correctly affirmed the State Board of Accountancy's (Board) denial of petitioner Bobby Bishop, Jr.'s application for a permit to practice as a certified public accountant (CPA). The Board denied Bishop's application on the ground that his employment under the supervision of attorney and CPA, Steven K. Bowling, did not satisfy the experience requirements of Tennessee Code Annotated section 62–1–108(a)(2)(A) because Mr. Bowling was not engaged "in public accounting" within the meaning of the statute.

This case originated under the Administrative Procedures Act when petitioner sought a declaratory order from the Tennessee State Board of Accountancy, pursuant to Tennessee Code Annotated section 4–5–223(a). Petitioner sought a declaratory order to the effect that he was entitled to credit for six months of experience in accounting, which he insists he gained while employed by Mr. Steven K. Bowling, and that that experience, when combined with other undisputed experience, would entitle him to a permit to practice public accountancy pursuant to Tennessee Code Annotated section 62–1–108(a)(2)(A).

Following a contested case hearing, the Board issued a final order which denied the petitioner credit for the six months of experience he contends he gained under the supervision of Mr. Bowling. The Board therefore denied the petitioner a permit to practice as a certified public accountant. The final order became effective 16 September 1993. Subsequently, petitioner filed a petition for review pursuant to Tennessee Code Annotated section 4–5–322 in the Chancery Court for Davidson County.

The petition for review was heard by the Chancellor in the Davidson County Chancery Court. Subsequently, the Chancellor filed a Memorandum which concluded, in part, as follows:

The Board found that petitioner's work under the supervision of Steven Bowling did not qualify under T.C.A. § 62–1–108(a)(2)(A) because Bowling was not engaged in the practice of public accountancy. The Board's finding that Bowling was not affiliated with any office registered with the Board under T.C.A. §§ 62–1–106(c) and 62–1–113 is supported by evidence which is substantial and material. Bowling testified that he either failed to register with the Board or else indicated on his application that he was not engaged in the practice of public accountancy during the years in question.

The determinations made by the Board are not in violation of any statutory provisions. The Court concludes that there is substantial and material evidence in the record to support the Board's denial of credit for petitioner's work experience under the supervision of Mr. Bowling, and, therefore, its denial of petitioner's request for a permit to practice as a C.P.A.

The Chancellor's Memorandum was incorporated in the final order, which affirmed the Board of Accountancy's decision in all respects.

The pertinent facts are as follows. Petitioner graduated from the University of Tennessee–Chattanooga in December 1984. He passed the written examination for a Tennessee Certified Public Accountant's Certificate

in May 1985, and shortly thereafter, he completed the Professional Ethics Examination administered by the Board of Accountancy.

In August 1985, after taking the C.P.A. examinations, petitioner entered law school at the University of Tennessee–Knoxville. He graduated from law school in December 1987, took the bar examination in February 1988, and obtained a license to practice law in May 1988.

Upon graduation from law school, petitioner was hired by the accounting firm Coopers & Lybrand in Knoxville. Petitioner was employed by Coopers & Lybrand from 4 January 1988 to 21 July 1989. He was first employed as a tax associate and later as a tax specialist. In late 1988 or early 1989 petitioner applied for and was issued a Tennessee Certified Public Accountant's Certificate. Petitioner's one and one-half years work experience at Coopers & Lybrand has been accepted by the Board towards fulfillment of the two year experience requirement of Tennessee Code Annotated section 62–1–108(a)(2)(A).

In July 1989 petitioner became employed by the law firm of Shumate & Bowling as an associate, where he worked until May 1992. It is the work experience petitioner gained while employed at Shumate & Bowling that is at issue. Petitioner contends this experience should be credited towards his two years C.P.A. experience requirement. Steven Bowling, one of the named partners of Shumate & Bowling, in addition to being an attorney is also a certified public accountant with a permit to practice. Mr. Bowling had been licensed as a public accountant in Tennessee since 1973. He entered law school at the University of Tennessee where he became a classmate and acquaintance of petitioner. Like Mr. Bishop, Mr. Bowling graduated from law school in December 1987, took the bar exam, and became licensed to practice law in May 1988.

When Mr. Bowling was licensed, he formed a partnership with another Knoxville attorney, William F. Shumate, Jr.

Petitioner and Mr. Bowling contend that Mr. Bowling's business consisted of both the practice of law and the practice of public accountancy, and that while employed at Shumate & Bowling, petitioner obtained experience in both law and accountancy. Mr. Bowling testified that during the more than two and one-half years of petitioner's association with Shumate & Bowling, petitioner worked more than the necessary six months on accounting projects under Mr. Bowling's supervision.

The Board found that Mr. Bowling was not engaged in the practice of public accountancy because he was not associated with an accounting office registered with the Board and because he did not hold himself out to the general public as engaged in practice as a certified public accountant. Mr. Bowling testified that he believes that on one occasion he registered his office with the Board of Accountancy as required by Tennessee Code Annotated section 62–1–113. The Administrative Director of the Board of Accountancy testified that to his knowledge, no registration, application, or fee had been received from Mr. Bowling. Mr. Bowling's application for renewal of his C.P.A. certificate for the years 1989–92 indicate either that he was not engaged in the practice of public accountancy or that he had not registered his office with the Board. Mr. Bowling also testified that after becoming licensed as an attorney, he ceased using business cards and letterheads identifying himself as a certified public accountant and discontinued telephone book listings describing himself as a C.P.A.

Based upon the Board's finding that Mr. Bowling was not engaged in the practice of public accountancy during the relevant periods of time, the Board denied petitioner credit for work experience gained under Mr. Bowling's supervision.

Petitioner presents the following issue: "Did the lower [c]ourt properly affirm the Tennessee State Board of Accountancy's denial to issue Appellant six months work credit experience for accounting work performed under the supervision of Steven K. Bowling, CPA and Attorney at law, under the licensing statute enumerated in T.C.A. section 62–1–108(a)(2)(A)?"

Petitioner contends that the Chancellor properly found that he completed more than six months of accounting work while employed by Mr. Bowling, but that the Chancellor thereafter erred in holding that this work failed to satisfy the requirements of Tennessee Code Annotated section 62–1–108(a)(2)(A), relating to work experience required to obtain a permit to practice as a C.P.A. in the State of Tennessee.

Both this court and the Chancery Court review decisions under the Administrative Procedures Act pursuant to Tennessee Code Annotated section 4–5–322(h), which provides:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn.Code Ann. § 4–5–322(h) (1991).

Further, Tennessee Code Annotated section 4–5–322(i) requires:

> No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors which affect the merits of such decision.

Tenn.Code Ann. § 4–5–322(i) (1991).

▆▆▆ Harmless errors committed by administrative agencies do not provide the reviewing court a basis for reversal, remand, or modification of the agency's decision. Tenn. Code Ann. § 4–5–322(i); *see also Hoover v. State Bd. of Equalization,* 579 S.W.2d 192, 196–97 (Tenn.App.1978). If the reviewing court finds that the essential rulings of the Board are correct as a matter of law and that any necessary factual findings are based upon substantial and material evidence, then the Board's decision must be affirmed even if other errors may be found.

▆▆▆ A person wishing to practice as a certified public accountant must overcome at least two major hurdles. Tenn.Code Ann. § 62–1–101 et seq. First, the applicant must pass the written examination conducted by the Board of Accountancy and satisfy the other requirements of Tennessee Code Annotated section 62–1–108(a)(1) in order to be entitled to the certificate of C.P.A. However, a person holding a C.P.A. certificate is not permitted to engage in the practice of public accountancy. The certificate-holding C.P.A. must obtain a permit to practice by satisfying certain work experience requirements as follows:

> Such certificate shall not entitle the applicant to engage in the practice of public accountancy until the applicant has been issued a permit to practice, a prerequisite for which shall be at least one (1) year of experience in public accounting under the supervision of a certified public accountant with a permit to practice, including audit experience with the office of the comptroller of the treasury or three (3) years of other accounting experience satisfactory to the board. With regard to persons who first applied to take the examination prior to April 14, 1993, the experience requirement described in the first sentence of this paragraph shall be at least two (2) years in public accounting under the supervision of a certified public accountant with a permit

to practice, including audit experience with the office of the comptroller of the treasury or three (3) years of other accounting experience satisfactory to the board. A master's degree in business administration with a major in accounting may be deemed equivalent to one (1) year of the experience required for such persons.

Tenn.Code Ann. § 62-1-108(a)(2)(A) (Supp. 1994).

■ It is without question that the petitioner is a certified public accountant holding a certificate. The only question concerns the work experience qualification which is necessary for the issuance of a permit to practice. Petitioner is required to gain two years of experience in public accounting to obtain his permit to practice. The Board credited petitioner with one and one-half years for his experience while employed by Coopers & Lybrand Accountants. The Board determined, however, that the experience that Mr. Bishop obtained under the supervision of Mr. Bowling failed to qualify under Tennessee Code Annotated section 62-1-108(a)(2)(A) because Mr. Bowling was not engaged in the practice of public accountancy.

The Board found as a matter of fact and as a matter of law that Mr. Bowling was not engaged in the practice of public accountancy while Mr. Bishop was working under his supervision. The Board based its conclusion on the following: (1) that Mr. Bowling was not associated with any firm or office registered with the Board as required by law, and (2) that Mr. Bowling did not hold himself out to the general public as being engaged in the practice as a C.P.A. The Chancellor found that the Board's findings were supported by substantial and material evidence in the record, and we agree. The General Assembly has expressly prohibited certain practices in the field of accountancy.

No person or persons shall engage in the practice of public accountancy as defined in § 62-1-103 as a sole proprietor, partnership or corporation unless and until each office of the sole proprietor, partnership or corporation providing services in

Tennessee has registered under § 62-1-113.

Tenn.Code Ann. § 62-1-106(c) (Supp.1994).

Each office maintained by each partnership, sole proprietor and corporation of certified public accountants and licensed public accountants engaging in the practice of public accountancy in this state shall register annually with the Board. An annual fee set by the Board shall be charged for registration.

Tenn.Code Ann. § 62-1-113(a) (Supp.1994).

There is substantial and material evidence to show that Mr. Bowling was not affiliated with any office registered with the Board as required by Tennessee Code Annotated sections 62-1-106(c) and 62-1-113. Mr. Bowling testified that he "believes" that "on one occasion" he registered his office with the Board. Mr. Bowling could not testify that he had not registered annually as required by Tennessee Code Annotated section 62-1-113. Don Hummel, administrative director of the Accountancy Board since July 1988, testified that he had never seen a form from Mr. Bowling and that to his knowledge the Board had never received any office registration form or fee from Mr. Bowling. Mr. Bowling's own application for renewal of his C.P.A. certificate for the relevant years indicate that he was not engaged in the practice of public accountancy.

There is substantial and material evidence in the record to support the Board's finding that Mr. Bowling was not associated with any accounting firm or office registered with the Board as required by Tennessee Code Annotated section 62-1-113. Therefore, Mr. Bowling was prohibited by Tennessee Code Annotated section 62-1-106(c) from engaging in the practice of public accountancy. If he was, in the common sense of the term, practicing public accountancy, he was not doing so legally in view of the express prohibitions of Tennessee Code Annotated section 62-1-106(c). It matters little whether Mr. Bowling considered himself to be publicly practicing as a C.P.A. or held himself out to the public as such, since as a matter of law he

was not engaged in the practice of public accountancy. The Board's finding and conclusion to that effect was correct.

Because the Board correctly found that Mr. Bowling was not engaged in the practice of public accountancy, the Board, therefore, also correctly concluded that the experience allegedly obtained by petitioner under Mr. Bowling's supervision did not qualify as the experience required by Tennessee Code Annotated section 62–1–108(a)(2)(A).

The issues and arguments set forth by the petitioner are found to be without merit. The judgment of the Chancellor in affirming the decision of the Board is in all things affirmed, and the cause is remanded to the Chancery Court for any further necessary proceedings. The costs on appeal are assessed to the petitioner/appellant Bobby Bishop, Jr.

TODD, P.J., and CANTRELL, J., concur.